STATE BOARD OF TAX APPEALS.

ELK REALTY COMPANY OF NUTLEY, NEW JERSEY, PETITIONER, v. TOWN OF NUTLEY, RESPONDENT.

Decided November 12, 1940.

For the petitioner, *Barth & Barth* (by *Eleazer Barth*).

For the respondent, *Edwin J. O. Joerg* (by *William F. Gorman*).

QUINN, President. Petitioner appeals from a judgment of the Essex County Board of Taxation denying its claim for exemption from taxation for the year 1939, on account of the land and building in the town of Nutley constituting the lodge building of the Nutley Lodge of Elks. Respondent concedes that the latter is a fraternal organization, and that it is the beneficial owner of the property in question, petitioner being its holding company, but urges that it is not entitled to exemption under the applicable statute, *R. S.* 54:4-3.26, because of a use of the property allegedly, for pecuniary profit. The proof in this connection was to the effect that occasionally one of the rooms in the building was made available to civic, charitable, religious and youth organizations for meeting purposes. Sometimes a charge was made

to cover costs of opening the building, janitor service, and heat, while on other occasions a lesser charge was fixed, and in the case of organizations like the boy scouts, the meeting room was granted free of any charge. This does not represent the type of situation in which we have heretofore found the existence of uses by fraternal organizations of meeting rooms for pecuniary profit, in that they were held out for rental at stated fees to the general public, and were actually rented regularly and continuously to outside organizations in the manner of commercial meeting halls. *Trenton Lodge No. 164, Loyal Order of Moose* v. *City of Trenton, New Jersey Tax Reports,* 1934-1939, *p.* 761 (1939); *Fifty-Six Seminary Avenue Corp.* v. *City of Rahway, New Jersey Tax Reports,* 1934-1939, *p.* 666 (1939).

In the present case the outside use of the building was purely occasional and incidental, was infrequent, and as we find the fact, was not for pecuniary profit, but rather in the exercise by the lodge of the civic duty of making its quarters available at nominal or no charge to local communal and civic organizations and activities. In this case, as contrasted with the cases cited hereinabove, there has been no use for pecuniary profit in the statutory sense. See *Trenton Lodge No. 105, Benevolent and Protective Order of Elks* v. *City of Trenton,* 18 *N. J. Mis. R.* 513; 15 *Atl. Rep.* (*2d*) 97 (*State Board,* 1940).

The judgment of the Essex County Board is reversed, and the assessment ordered canceled.